IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILLIAM CASIANO,

      Appellant,

v.                                                                          Case No.  5D17-2343

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 29, 2017

3.850 Appeal from the Circuit
Court for Osceola County,
Greg A. Tynan, Judge.

Matthew R. McLain, of McLain Law, P.A.,
Longwood, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

We reverse and remand the order denying Appellant's Florida Rule of Criminal
Procedure 3.850 motion because Appellant's claim of misadvice by trial counsel and the
resulting prejudice is not refuted by the record before us.

Appellant was charged with sexual battery with a deadly weapon or physical force.
The maximum penalty for this crime was life in prison with a twenty-five-year minimum

mandatory, with the latter being imposed if the defendant used a deadly weapon. §§ 794.011(3), 775.082(3)(a)3., 794.0115(2)(b), Fla. Stat. (2013). Appellant alleges that he was offered and rejected a favorable plea offer not knowing that he faced a minimum mandatory of twenty-five years in prison. Had he known about the minimum mandatory, Appellant alleges that he would have accepted the plea offer and that the trial court would have abided by the plea agreement.

To obtain relief on a claim that defense counsel misadvised the defendant in a way that caused the defendant to reject a plea offer, the defendant must establish that:

> (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Alcorn v. State*, 121 So. 3d 419, 422 (Fla. 2013). Here, Appellant's allegations were facially sufficient. Defense counsel has a duty to advise a defendant about the possibility of the minimum mandatory sentence. The fact that Appellant did not receive the minimum mandatory sentence in this case because of an error in the verdict form does not negate his claim that he would have taken the plea if he had known he faced a minimum mandatory sentence.

On remand, the trial court shall either grant Appellant a hearing to see if he can prove the *Alcorn* factors or attach portions of the record that conclusively refute the allegations in the motion.

REVERSED AND REMANDED.

PALMER, TORPY and EISNAUGLE, JJ., concur.

2